UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWIN NIEMEIER,

    Petitioner,

v.

DOUG WADDINGTON,

    Respondent.

Case No.  C06-5295 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:  October 27, 2006**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this action under 28 U.S.C. § 2254 arguing that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), his 2000 conviction and sentence are unconstitutional.  Respondent argues that the petition is time barred.  The court agrees that the petition is time barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

## I. STATEMENT OF THE CASE

**A.**     **Basis of Custody**

Petitioner is in custody pursuant to his 2000 Walla Walla County convictions by guilty plea for second degree rape of a child and first degree incest. (Dkt. # 13, Exh. 1).  The superior court sentenced Petitioner to a standard range sentence of 136 months for the rape offense, and a standard range sentence of 34 months for the incest offense. (Id., Exh. 1 at 6).  The court ran the sentences

consecutive to each other for a total sentence of 170 months. (Id.).

B. **Procedural History**

Petitioner appealed to the Washington Court of Appeals. (Id., Exh. 3). The Washington Court of Appeals affirmed the judgment and sentence on September 27, 2001. (Id., Exh. 2). Petitioner did not seek review by the Washington Supreme Court, and the Washington Court of Appeals issued its mandate on November 8, 2001. (Id., Exh. 5).

Petitioner filed a habeas corpus petition in the superior court on March 21, 2002. (Id., Exh. 6). The superior court denied the petition on May 14, 2002, and Petitioner appealed to the Washington Court of Appeals. (Id., Exh. 7, 8). The Commissioner of the Washington Court of Appeals subsequently dismissed the appeal as abandoned on December 19, 2002, because Petitioner failed to pay the filing fee or obtain an order of expenditure of public funds. (Id., Exh. 9). Petitioner did not seek review, and the Washington Court of Appeals issued its mandate on January 28, 2003. (Id., Exh. 10).

Petitioner filed a personal restraint petition in the Washington Court of Appeals on February 24, 2005. (Id., Exh. 11). The Washington Court of Appeals denied review. (Id., Exh. 12). Petitioner then sought review by the Washington Supreme Court, (Id., Exh. 13), in which Petitioner presented the following issue to the court:

> Did the Court of Appeals fail to consider RCW 10.73.100(5), when they had determined that my petition was not filed with-in [sic] the one year time limit.

(Id., Exh. 13, at 1).

The Commissioner of the Washington Supreme Court denied review. (Id., Exh. 14). Petitioner moved to modify the Commissioner's ruling denying review. (Id., Exh. 15). The Washington Supreme Court denied the motion to modify on April 4, 2006. (Id., Exh. 16). The

REPORT AND RECOMMENDATION
Page - 2

Washington Court of Appeals issued a certificate of finality on April 13, 2006.  (Id., Exh. 17).

Petitioner signed his federal petition on May 22, 2006, and his brief in support of the petition on May 25, 2006.  (Dkt. # 4,5).

## II. ISSUES

Petitioner presents the following ground for relief:

The sentence imposed by the superior court violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).

(Dkt. # 4, 5).

## III. EXHAUSTION OF STATE REMEDIES

Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the Court need not determine whether Petitioner properly exhausted his available state remedies.  28 U.S.C. § 2254(b)(2).

## IV. EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion.  Williams v. Woodford, 306 F.3d 665, 688 (9th Cir. 2002).  A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief."  Townsend v. Sain, 372 U.S. 293, 312 (1963). The

REPORT AND RECOMMENDATION
Page - 3

petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. Morris v. State of California, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992). A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. Campbell v. Wood, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 511 U.S. 1119 (1994). Because the petition in this case is untimely, Petitioner cannot satisfy these standards, and he is not entitled to an evidentiary hearing.

### V. STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. McKenzie v. McCormick, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. McKenzie, 27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

### VI. DISCUSSION

**A.   The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(D)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).  Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

( C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review."  Sup. Ct. Rule 13(1).

In this case, Petitioner filed a direct appeal from his judgment and sentence to the Washington Court of Appeals, but he did not seek review by the Washington Supreme Court.  Thus, Petitioner did not have a right to seek review by the United States Supreme Court.  Petitioner's state court judgment, therefore, became final by conclusion of direct review no later than November 8, 2001, when the Washington Court of Appeals issued its mandate on direct review.  (Dkt. # 13, Exh.

REPORT AND RECOMMENDATION
Page - 5

5).

The statute of limitations began to run no later than November 8, 2001 and ran for 132 days until Petitioner filed his petition in the superior court on March 21, 2002. At that time, Petitioner's properly filed state court post-conviction collateral challenge tolled the statute of limitations while his petition remained pending in state court. 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000); Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005). The statute of limitations tolled from March 21, 2002 when the petition was filed, until the petition was dismissed as abandoned and the Washington Court of Appeals entered its mandate on January 28, 2003. The statute of limitations began to run again no later than January 28, 2003.

However, more than two years passed again until Petitioner filed a personal restraint petition in the state court on February 24, 2005, (Dkt. # 13, Exh. 11), long after the limitations period had passed. Thus, that collateral challenge did not toll the statute of limitations while the petition was pending in state court. *See e.g.,* 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4 (2000); Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Petitioner did not file his federal habeas corpus petition until May 2006. That petition is also untimely as it was filed long after the statute of limitations expired and there is no evidence indicating that equitable tolling is appropriate in this case.

**B.     Equitable Tolling Is Unavailable**

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso, 278 F.3d at 877 (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. Miles v. Prunty, 187 F.3d

REPORT AND RECOMMENDATION
Page - 6

1104, 1107 (9th Cir. 1999).   Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000).

There is no evidence in this case of extraordinary circumstances beyond petitioner's control that made it impossible for him to file his petition on time.   Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

## VII. CONCLUSION

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 27, 2006**, as noted in the caption.

Dated this 26th day of September, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 7